**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
**DARSHEEN BROWN,**

                       Plaintiff,

    -against-

**THE CITY OF NEW YORK, POLICE OFFICER**
**ADRIAN MENDES (Shield 28829), SGT. BRIAN**
**BARTLEY(Shield 2053), and JOHN & JANE DOES 1-4,**

                      Defendants.
-----------------------------------------------------------------------------X

**14CV 1154**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff **DARSHEEN BROWN**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD),

### *JURISDICTION AND VENUE*

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6.     On April 4, 2013, within ninety days after the claims alleged in this complaint arose, a

verified Notice of Claim was duly served upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e. The Claim was assigned Claim No. 2013PI009160. The Claim was captioned "Crystal Gordon, as Mother and Natural Guardian of Darsheen Brown (age 17)." Plaintiff Brown attained age 18 on January 5, 2014.

7. On October 9, 2013, both Crystal Gordon and Darsheen Brown testified at hearings conducted pursuant to General Municipal Law § 50-H.

8. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

9. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

10. Plaintiff demands trial by jury in this action.

### PARTIES

11. Plaintiff **DARSHEEN BROWN**, age 18, is an African-American male who is a citizen of the United States and a resident of the State of New York. He is a student at Clara Barton High School. He has no criminal record and has never been arrested except for the Incident of this lawsuit. He suffers from asthma attacks and sickle-cell anemia and has been hospitalized several times for these conditions. He lives with his mother, Crystal Gordon (age 35), and his little sister, Jalilia Ellis (age 4 at all times relevant herein), who are both also African-American.

12. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police

officers and supervisory police officers, including the individually named defendants herein.

13. At all times relevant herein, defendants Adrian Mendes (Shield 28829) and Sgt. Brian Bartley (Shield 2053) were police officers employed by the NYPD, assigned to Patrol Borough Brooklyn South, 2820 Snyder Avenue, Brooklyn, NY 11226,

14. At all times relevant herein, defendants John and Jane Does 1-4 were police officers and supervisory police officers employed by the NYPD and assigned to Patrol Borough Brooklyn South.  Plaintiff does not know the names or shield numbers of John and Jane Does 1-4 at this time.

15. At all times relevant herein, defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

16. At all times relevant herein, all defendants were all acting under color of state law.

## *FACTS*

17. At approximately 7:00 P.M. on Friday, January 4, 2013, at plaintiff's residence at that time, 1070 East New York Avenue, # 7F, Brooklyn, NY 11212, defendant Adrian Mendes arrested plaintiff Darsheen Brown without probable cause.

18. Defendants Mendes and defendants John and Jane Does 1-4 had responded to a domestic disturbance call unrelated to the arrest.

19. While present in the apartment, Mendes chose to ask plaintiff's sister, Jalilia Ellis, a 4 year-old girl who is developmentally disabled, whether her older brother had touched her inappropriately.

20. The girl did not understand the question or its import, but based solely upon her extremely vague and unintelligible response defendants chose to arrest Mr. Brown

21. The two adults present at the time of the arrest, Crystal Gordon (plaintiff's mother)

and Elena Shweky (a family friend) did not say anything to justify the arrest and vigorously protested the arrest..

22.  Ms. Gordon and Ms. Shweky both maintained that plaintiff had not touched his sister inappropriately.

23.  Mendes threatened to mace Ms. Gordon when she protested the arrest.

24.  Mendes chose to ignore Ms. Gordon's protests and those of Elena Shweky.

25.  Mendes subsequently claimed falsely that Ms. Shweky had said that plaintiff had sexually abused his 4 year-old sister.

26.  Ms. Shweky, a 35 year-old Caucasian woman who has been partner to Ms. Gordon's brother (Benjamin Gordon) for many years and is sometimes referred to in the family as plaintiff's aunt or as Elena Gordon, did not say that plaintiff had sexually abused his sister.

27.  Ms. Shweky had spent the evening watching Jalilia before Ms. Gordon had returned home.

28.  Ms. Shweky explicitly denied saying that plaintiff had sexually abused his sister, and several times rebuffed efforts by Mendes to get her to say that plaintiff had done so.

29.  Mendes subsequently claimed falsely that Ms. Gordon had said that plaintiff had put his finger in Jalilia's anus.

30.  Crystal Gordon explicitly denied saying that plaintiff had put his finger in Jalilia's anus, and several times rebuffed efforts by Mendes to get her to say that plaintiff had done so.

31.  Despite the protests of Ms. Gordon and Ms. Shweky, Mendes arrested plaintiff and took him in handcuffs to the 67th Police Precinct.

32.  Plaintiff was arrested in his pajamas and Mendes did not allow him to have a coat

on the cold January night, even though Ms. Gordon told Mendes that plaintiff suffers from asthma and sickle-cell anemia.

33. Mendes refused to let plaintiff keep his asthma inhaler.

34. Plaintiff was placed in a filthy holding cell at the 67th police precinct with other prisoners, where he remained until approximately 4:00 A.M.

35. At the precinct plaintiff was fingerprinted and photographed.

36. Mendes wrote an arrest report accusing Darsheen Brown of inserting a *foreign object* -- not a finger -- into Jalilia's anus (Aggravated Sexual Abuse in the Third Degree, PL § 130.66 (1)), a class D felony.

37. Mendes's arrest report also accused plaintiff of subjecting Jalilia to sexual contact by forcible compulsion (Sexual Abuse in the First Degree, PL § 130.65 (1)), another class D felony.

38. Mendes's arrest report also accused plaintiff of risking danger to Jalilia's life or health (Endangering the Welfare of a Child, PL § 260.10 (1)), a class A misdemeanor.

39. The arrest was approved by Sgt. Brian Bartley, Shield 2053, Patrol Borough Brooklyn South.  Arrest # K13601215.

40. Plaintiff was taken in handcuffs and shackles along with other prisoners to Brooklyn Central Booking, where he remained in filthy holding cells until approximately 9:00 P.M. on Saturday, January 5, 2013.  He was photographed again at Brooklyn Central Booking.

41. Meanwhile, Jalilia was taken to Kings County Hospital (KCH), accompanied by Mendes, one or more of the John or Jane Doe defendants, Ms. Gordon and Elena Shweky.

42. Jalilia was examined at the KCH Emergency Department.

43. The KCH Emergency Department Patient Discharge Report reflects that Jalilia was released from KCH approximately 2:20 A.M. on January 5, 2013.   MR # 2397442.

44. No medical evidence was found that Jalilia had been penetrated or molested in any manner.

45. The only diagnosis reflected on the KCH Emergency Department Discharge Report is "headache."

46. The KCH Emergency Department Discharge Report reflects that the attending physician was Dr. Shashidhar Marneni.

47. Upon seeing the KCH Report, Mendes became extremely upset that it did not support his arrest of plaintiff, and slammed the Report onto a desk.

48. Despite the lack of medical evidence of any wrongdoing, Mendes and one or more of the John or Jane Doe defendants took Crystal Gordon and Jalilia to another location to be interviewed by additional law enforcement personnel.

49. Crystal Gordon and Jalilia were interviewed at the Brooklyn Child Advocacy Center, 320 Jay Street, by Detective Rosa McBride of Patrol Borough Brooklyn South, Shield 0761.

50. Kings County Assistant District Attorney Shea Scanlon Lomma was present as McBride interviewed Ms. Gordon and Jalilia, and participated in the interviewing.

51. During the interview Ms. Gordon stated that Jalilia had not reported any digital penetration or any inappropriate touching by her brother.

52. During the interview Ms. Gordon denied making the statements attributed to her by Mendes.

53. Ms. Shweky was not interviewed at this time, but she also denies making the statements attributed to her by Mendes and confirms that she rebuffed his efforts to get her to say that plaintiff had sexually molested Jalilia.

54. Some touching of Jalilia by plaintiff would be a commonplace occurrence since Ms. Gordon frequently charged plaintiff with the responsibility of changing Jalilia's diapers. In fact, plaintiff was supposed to have changed Jalilia's pampers on the evening of the Incident but had failed to do so.

55. ADA Lomma determined there was insufficient evidence to prosecute plaintiff for any of the charges alleged by Mendes.

56. ADA Lomma's Declined Prosecution Report describes both Mendes's accusations and Ms. Gordon's denials. The Report notes that at most Jalilia had stated generally that plaintiff had touched her buttocks but "was unable to provide context to the touching. She did not state when or where it occurred."

57. After discussing the case with her Bureau Chief, a Ms. Gregory, Lomma filed the Declined Prosecution Report dated January 5, 2013.

58. At approximately 9:00 P.M. on January 5, 2013, plaintiff Darsheen Brown was released from custody without having to be brought before a judge.

59. Altogether plaintiff had been imprisoned for approximately 26 hours.

60. Mendes and Bartley lacked probable cause to justify the arrest of Darsheen Brown.

61. Mendes deliberately attempted to bolster his arrest of Darsheen Brown by pressuring Ms. Gordon and Elena Shweky to say that plaintiff had molested Jalilia, when in fact both Ms. Gordon and Ms. Shweky were denying that plaintiff had molested Jalilia and were

7

denying that Jalilia had said anything that would justify any belief that plaintiff had molested Jalilia. Despite being rebuffed by Ms. Gordon and Ms. Shweky in his efforts to justify the arrest, Mendes falsely claimed that Ms. Gordon and Ms. Shweky had said the very things they were denying having said.

62. Plaintiff has been emotionally and psychologically damaged by the Incident. He had been an average student, but after the Incident he began failing most of his classes. He became very withdrawn and sad. He remains severely depressed by the Incident to this day.

### FIRST CLAIM FOR RELIEF

63. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-62.

64. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### SECOND CLAIM FOR RELIEF

65. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-62 and 64.

66. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

67. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

68. The official policies, practices and customs of the City of New York and the

NYPD, alleged in ¶¶ 1-62, 64, and 65-67 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### THIRD CLAIM FOR RELIEF

69. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-62, 64, and 66-68.

70. The conduct toward plaintiff alleged herein constituted false arrest, false imprisonment, malicious prosecution, the unnecessary and excessive use of force, and employee negligence.

71. The conduct toward plaintiff alleged herein subjected this man with no prior arrest record to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

### FOURTH CLAIM FOR RELIEF

72. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-62, 64, 66-68, and 70-71.

73. At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

 (b)  Punitive damages against all individual defendants, jointly and severally;

 (c)  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

 (d)  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
    February 24, 2014

              /s/ Joel Berger
              **JOEL BERGER**
              360 Lexington Avenue, 16th Fl.
              New York, New York 10017
              (212) 687-1425

              **ATTORNEY FOR PLAINTIFF**